IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVANTE AANDRELL JEFFERSON,<br><br>Defendant. | Criminal No. 3:25cr160 (DJN) |

**UNITED STATES' RESPONSE TO THE COURT'S JANUARY 6, 2026 ORDER**

In violation of the Rules of Criminal Procedure and the principle of party presentation, the Court has initiated a *sua sponte* inquisition into whether it should strike Ms. Halligan's title from the Government's signature block. The order launching this quest reflects a fundamental misunderstanding of Judge Currie's orders dismissing the indictments in *United States v. Comey*, No. 1:25-cr-272 and *United States v. James*, 2:25-cr-122 and flouts no fewer than three separate lines of Supreme Court precedent on elementary principles like the role of federal courts, the effect of district court rulings, and the nature of our adversarial system.

Adding insult to error, the order posits that the United States' continued assertion of its legal position that Ms. Halligan properly serves as the United States Attorney amounts to a factual misrepresentation that could trigger attorney discipline. The Court's thinly veiled threat to use attorney discipline to cudgel the Executive Branch into conforming its legal position in all criminal prosecutions to the views of a single district judge is a gross abuse of power and an affront to the separation of powers.

1

The bottom line is that Ms. Halligan has not "misrepresented" anything and the Court is flat wrong to suggest that any change to the Government's signature block is warranted in this or any other case.

### I. The dismissal orders in *Comey* and *James* do not prohibit, or render factually false, the United States' continued representation of its legal position that Ms. Halligan is the United States Attorney.

Title 28 U.S.C. § 546(a) provides that "the Attorney General may appoint a United States attorney for the district in which the office of United States Attorney is vacant." On September 22, 2025, the Attorney General exercised that authority to appoint Ms. Halligan as interim United States Attorney in the Eastern District of Virginia.

Contrary to this Court's suggestion, nothing in the *Comey* and *James* dismissal orders prohibits Ms. Halligan from performing the functions of or holding herself out as the United States Attorney. Although Judge Currie concluded that Ms. Halligan was unlawfully appointed under Section 546, she did not purport to enjoin Ms. Halligan from continuing to oversee the office or from identifying herself as the United States Attorney in the Government's signature blocks. Indeed, Judge Currie did not issue *any* remedy beyond those two cases—she simply dismissed the indictments without prejudice. *Comey*, ECF No. 213 at 28–29; *James*, ECF No. 140 at 25–26; *see Dismissal*, Black's Law Dictionary (12th ed. 2024) (Dismissal is the "[t]ermination of an action, claim, or charge."). In fact, Judge Currie rejected the defendant's request in *James* to enjoin Ms. Halligan from performing any "functions or duties of an interim U.S. Attorney," *James*, ECF No. 22 at 16. *See James*, ECF No. 140 at 25.

To be sure, in the decretal section of the orders, Judge Currie stated that "[t]he appointment of Ms. Halligan as Interim U.S. Attorney violated 28 U.S.C. § 546 and the Appointments Clause of the U.S. Constitution." *Comey*, ECF No. 213 at 28; *James*, ECF No.

2

140 at 25. But that is simply a statement of her basis for ordering dismissal of the indictment, not an independent declaratory judgment. A declaratory judgment is a remedy that operates as "a final judgment" entered at the conclusion of a case initiated by "an appropriate pleading," not an interlocutory order on a motion in a criminal case.[1] 28 U.S.C. § 2201(a); *see United States v. Carrington*, 91 F.4th 252, 265 (4th Cir. 2024) (order dismissing an indictment without prejudice is not a final judgment). But even if Judge Currie had somehow issued a declaratory judgment – which she did not – such relief would still not bind the United States in other cases or prevent Ms. Halligan from otherwise holding herself out as the United States Attorney. A declaratory judgment does not "order[] that anything be done" or "seek execution of performance." *Cook v. Nu-Tech Housing Servs.*, 953 F.2d 1383, 1992 WL 17301, at *4 (4th Cir. 1992) (unpublished table decision). And in any event, declaratory relief is limited to resolving "the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). Like injunctive relief, declaratory relief is strictly limited to the parties and the case before the court and has no effect in cases involving third parties. *See Trump v. CASA, Inc.*, 606 U.S. 831, 844 (2025) (explaining that "[n]either declaratory nor injunctive relief" applies beyond the parties). Nothing in the Declaratory Judgment Act authorizes a district court to issue advisory declarations governing the Executive Branch's conduct in unrelated proceedings not before the court.

This Court appears to be under the misimpression that because Judge Currie's rationale for dismissing the indictments was her conclusion that Ms. Halligan was unlawfully appointed, the United States must acquiesce to that rationale in all other cases or else it is "ignor[ing]" Judge Currie's orders. DE16 at 1. Just seven months ago, the Supreme Court characterized that

---

[1] Neither defendant requested a declaratory judgment in their motions to dismiss the indictments. *See Comey*, ECF No. 60; *James*, ECF No. 22.

3

"vision of the judicial function" as "extreme" and "at odds with more than two centuries' worth of precedent, not to mention the Constitution itself." *CASA*, 606 U.S. at 857–58. The Supreme Court flatly rejected the idea, apparently still championed by this Court, that "[o]nce a single district court deems executive conduct unlawful, it has stated what the law requires[, a]nd the Executive must conform to that view." *Id.* Instead, "federal courts do not exercise general oversight of the Executive Branch; they resolve cases and controversies." *Id.* at 861. The controversy adjudicated by Judge Currie was a dispute over the validity of the indictments in two specific cases. The United States is not required to treat her reasoning as law in any other case.

This Court made an even more rudimentary legal error in describing Judge Currie's orders as "binding precedent in this district." DE16 at 1. It is black-letter law that "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quotation omitted); *accord Thorpe v. Clarke*, 37 F.4th 926, 943 n.6 (4th Cir. 2022) ("As we have explained over and again, published district court opinions . . . have no precedential value . . . ."); *United States v. Fowler*, No. 1:23-cr-165, 2024 WL 197601, at *6 (E.D. Va. Jan. 18, 2024) (Brinkema, J.); *Wilcox v. Davis*, No. 1:22-cv-01240, 2023 WL 5532798, at *4 (E.D. Va. Aug. 28, 2023) (Giles, J.); *Price v. Norfolk S. Corp.*, No. 2:21-cv-223,  2022 WL 4451331, at *9 (E.D. Va. Sept. 23, 2022) (Smith, J.). And even if it were somehow binding, that would mean only that *this Court* is bound to apply the same reasoning in like cases, not that the United States is bound to acquiesce and conform its legal position accordingly.

4

The Court's fixation on a signature block title is untethered from how federal courts actually operate.  On July 15, 2024, Judge Cannon dismissed *United States v. Trump* on Appointments Clause grounds, concluding that Jack Smith was not properly appointed as a "Special Counsel." *See* Order, *United States v. Trump,* No, 23-80101-CR-Cannon, ECF No. 672 (S.D. Fla. July 15, 2024). Yet in the days and weeks that followed, the Government continued – openly and without objection by any Court – to file documents identifying Jack Smith by his title as Special Counsel while appellate review proceeded. *See* ECF No. 673 (S.D. Fla. July 17, 2024).

The same practice occurred in the separate election interference prosecution pending in the District of Columbia.  There, subsequent filings continued to identify Jack Smith as Special Counsel, including the Superseding Indictment filed on August 27, 2024, which Mr. Smith personally signed, notwithstanding Judge Cannon's earlier Appointments Clause ruling in the classified documents case. *See United States v. Trump*, No. 23-cr-257 (D.D.C.), ECF Nos. 209 (Aug. 8, 2024) & 226 (Aug. 27, 2024). And as far as the Government is aware, no court – much less any judge – ever threatened Smith with attorney discipline for making purportedly "false or misleading statement[s]," "knowingly disobey[ing]" a court order, or engaging in "professional misconduct."

\*     \*     \*

It is the United States' position that Ms. Halligan was properly appointed as interim United States Attorney—a position the United States has maintained in part based on internal legal advice from the Department of Justice's Office of Legal Counsel. That Judge Currie dismissed two indictments based on her disagreement with that position does not prevent the United States from otherwise maintaining it. Furthermore, the Court's invocation of

5

professional ethics rules reflects a fundamental category error. Ethical rules regulate attorney conduct – not the Government's adoption or maintenance of a contested legal position. Charging disagreement with a court's interpretation of federal law, particularly where that interpretation is on appeal, as professional misconduct would turn advocacy itself into a sanctionable ethics violation.

Not to mention that wielding ethics rules as a mechanism to coerce the Executive Branch into conformity with one district judge's view of the law would raise profound separation-of-powers concerns. The Constitution assigns to the Executive Branch the responsibility to enforce federal law, including determining what legal positions it will advance on behalf of the United States in a criminal prosecution. *See Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 807 (1987). A district court may reject those positions in adjudicating cases before it, but it may not bar the Executive Branch from even taking the position, let alone under the threat of attorney discipline. This Court's attempt to effectively transform ethical rules into a supervisory mechanism over the Executive Branch's legal judgment is flatly inconsistent with Article III and the adversarial system itself. *See United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) ("[C]ourt's are essentially passive instruments of government."). A contested legal position does not become a factual misrepresentation simply because one district judge has rejected it.

## II. In any event, this Court has no authority to strike Ms. Halligan's title from the Government's signature block.

Regardless of Ms. Halligan's proper title, this Court's *sua sponte* objection to the Government's signature block on the indictment violates the Federal Rules of Criminal Procedure and the principle of party presentation at the core of our adversarial system. The order was not issued in response to a motion and does not identify any rule or proceeding that

6

would authorize the relief it contemplates. The Rules of Criminal Procedure authorize courts to strike "surplusage" from indictments only "[u]pon the defendant's motion." Fed. R. Crim. P. 7(d); *see also* Rule 7(d) advisory committee's note ("The authority of the court to strike such surplusage is to be limited to doing so on defendant's motion . . . ."); *United States v. Weston*, 526 F. App'x 196, 199 (3d Cir. 2013) (noting that district courts lack authority to *sua sponte* strike indictment material); *United States v. King*, 174 F. App'x 467, 469 (11th Cir. 2006) (same). Federal courts must "follow the principle of party presentation" and "should not sally forth each day looking for wrongs to right." *Sineneng-Smith*, 590 U.S. at 376. As the Supreme Court recently reaffirmed when summarily reversing the Fourth Circuit, "[t]he parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." *Clark v. Sweeney*, 607 U.S. ——, 2025 WL 3260170, at *1 (2025).

At any rate, there would be no basis to strike Ms. Halligan's title even if the defendant had moved for such relief. Rule 7(d) operates "to protect a defendant against prejudicial allegations that are neither relevant nor material to the charges made in an indictment, or not essential to the charge, or unnecessary, or inflammatory." *United States v. Williams*, 445 F.3d 724, 733 (4th Cir. 2006); *see also United States v. Pleasant*, 125 F. Supp. 2d 173, 184 n.9 (E.D. Va. 2000) ("A motion to strike surplusage should be granted only if it is clear that the surplusage is (1) not relevant to the charges; (2) inflammatory; and (3) prejudicial." (citing 1 Wright, Federal Practice and Procedure § 127))*; accord United States v. Rezaq*, 134 F.3d 1121, 1134 (D.C. Cir. 1998); *United States v. Scarpa*, 913 F.2d 993, 1013 (2d Cir. 1990); *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990); *United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1988); *United States v. Fahey*, 769 F.2d 829, 841–42 (1st Cir. 1985). It does not

authorize courts to adjudicate disputed questions of Executive appointment authority or to supervise the Executive Branch's litigation posture.

Even if Rule 7(d) applied to an indictment's signature block, *see* Fed. R. Crim. P. 7(d) advisory committee's note (explaining that Rule 7(d) "protect[s] the defendant against immaterial or irrelevant *allegations*" (emphasis added)), a purportedly mislabeled title in the Government's signature block is not "inflammatory" or "prejudicial" to a criminal defendant. *Pleasant*, 125 F. Supp. at 184 n.9; *cf. United States v. Smith*, 962 F.3d 755, 766 (4th Cir. 2020) (rejecting request to dismiss indictment and/or for new trial based on a challenge to the Acting Attorney General's appointment where the defendant failed to show how the Acting Attorney General's tenure "affected his proceedings or prejudiced him in some way"). Indeed, it is not even clear how a criminal defendant would have a legally cognizable interest in challenging how the Government's signature block appears on an indictment because it causes no cognizable injury to the defendant. *Cf. e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (to have standing to bring a challenge, a litigant must have suffered a "concrete" injury). And that is especially true in this case, where Ms. Halligan's *name* indisputably can be included on the indictment, with the only dispute being whether her *title* should be "Special Attorney" (as the Attorney General has also appointed her, *see* Att'y Gen. Order No. 6485-2025, *Comey*, ECF No. 137-1) rather than "United States Attorney."

True, federal courts possess inherent authority "to manage their own affairs as to achieve the orderly and expeditious disposition of cases," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), but that bears little resemblance to what the Court proposes here. The Court's proposal is not to manage its own affairs but to prevent the Executive Branch from acting according to its own legal position in this litigation. And using disciplinary authority to manage

8

the *Executive Branch's* affairs would be anything but the "great caution" with which the Court's disciplinary authority "ought to be exercised." *Id.*

## Conclusion

To answer the Court's inquisition directly: "the basis for Ms. Halligan's identification of herself as the United States Attorney, notwithstanding Judge Currie's contrary ruling" is that, in the Government's view, Ms. Halligan is the United States Attorney, and Judge Currie's ruling did not and could not require the United States to acquiesce to her contrary (and erroneous) legal reasoning outside of those cases. "[T]he reasons why this Court should not strike Ms. Halligan's identification of herself as United States Attorney from the indictment in this matter" are that no authority exists for a court to strike an attorney title out of a signature block, and certainly not on its own motion.

Finally, Ms. Halligan's "identification does not constitute a false or misleading statement." It is correct and consistent with the Department of Justice's internal guidance, and at minimum reflects a contested legal position that the United States is entitled to maintain notwithstanding a single district judge's contrary view. For these reasons, the Court should deem this response sufficient, withdraw its January 6, 2026 order, and permit this prosecution to proceed without further collateral inquiry into matters beyond the Court's authority.

January 13, 2026

Respectfully submitted,

Pamela Bondi
Attorney General

Todd W. Blanche
Deputy Attorney General

By:   /s/
   Lindsey Halligan
   United States Attorney and Special Attorney
   United States Attorney's Office
   Eastern District of Virginia
   2100 Jamieson Ave
   Alexandria, VA 22314
   Telephone: (703) 299-3700
   Email: Lindsey.Halligan@usdoj.gov

Stephen E. Anthony
Assistant United States Attorney

Katherine E. Groover
Special Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

                                                  /s/
                                      Lindsey Halligan
                                      United States Attorney and Special Attorney
                                      United States Attorney's Office
                                      Eastern District of Virginia
                                      2100 Jamieson Ave
                                      Alexandria, VA 22314
                                      Telephone: (703) 299-3700
                                      Email: Lindsey.Halligan@usdoj.gov